# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

v.                              Case No. 12-CR-88

**MAZHER KHAN**
    **Defendant.**

## DECISION AND ORDER

A jury convicted defendant Mazher Khan of three counts of trafficking in contraband cigarettes, and on July 17, 2013, I sentenced him to two years probation, six months home confinement, $58,150 in restitution, a $125,308.80 money judgment of forfeiture, and a $300 special assessment. Defendant filed a notice of appeal, and the appeal remains pending in the Seventh Circuit.

On September 24, 2014, defendant filed a motion for early termination of probation, indicating that he had completed the home confinement, paid the assessment and restitution, and otherwise complied with the terms of probation. He further indicated that he had relatives living overseas and wanted to visit them.

**I.**

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). Under this provision, the court may grant early termination of felony

probation if: (1) the defendant has served at least one year; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). E.g., United States v. Vang, No. 10-CR-31, 2013 WL 4054701, at *1 (E.D. Wis. Aug. 12, 2013); United States v. Nelson, No. 09-CR-108, 2012 WL 3544889, at *1 (E.D. Wis. Aug. 16, 2012).[1]

**II.**

Because he has served more than one year, defendant is eligible for early termination. I afforded the government a chance to respond, and it opposes the motion.[2] The issue is thus whether termination would be in the interest of justice.

The district court possesses broad discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally found that the conduct of the defendant necessary to support early termination should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have tended to grant such requests only in cases involving new or unforeseen circumstances, which may include exceptionally good behavior. See United States v. Caruso, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) ("[T]here is general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior."); see also United States v. Schrader, No.

---

[1] As indicated, this case remains on appeal, but that fact does not appear to affect my discretion to consider the motion.

[2] I gave defendant time to reply, but counsel contacted the court and indicated no reply would be filed.

2

11-CR-13, 2013 WL 257208, at *2 (E.D. Wis. Jan. 23, 2013) (collecting cases).

While defendant's compliance is commendable, the court expects no less. See, e.g., United States v. Bartak, No. 10-CR-174, 2013 WL 3049226, at *2 (E.D. Wis. June 17, 2013) (indicating that the court expects those on supervision to work and follow the rules, and collecting cases). Defendant points to nothing unusual or extraordinary in his case, or to any circumstances changed since the imposition of the sentence. He continues to operate his dry cleaning business in Illinois. Nor does he contend that probation interferes with his rehabilitation. See Vang, 2013 WL 4054701, at *2. Defendant says that he would like to visit relatives overseas, but being on probation does not preclude travel; the probationer simply must obtain permission. Defendant does not indicate that he has asked to travel and been denied. See United States v. White, No. 06-CR-50, 2012 WL 5198364, at *3 (E.D. Wis. Oct. 19, 2012). Indeed, a check of the docket reveals that on November 14, 2013, I allowed him to travel to Pakistan.[3] The government indicates that it has no objection to the return of defendant's passport or to international travel if approved by the probation officer.

Finally, the § 3553(a) factors support continuation of probation. While I concluded that defendant could be justly punished without imprisonment, terminating supervision early would depreciate the seriousness of this offense, which involved repeated transports of contraband cigarettes and caused a loss of more than $50,000. And while defendant presents little risk of re-offending, service of the full sentence is necessary to promote respect for the law and deter others who may be tempted to commit similar offenses.

---

[3] In the November 14, 2013, order, I directed the Clerk of Court to return defendant's passport for this trip. On return from Pakistan, he was to give the passport to the supervising probation officer, and the U.S. Probation Office in Chicago was to maintain custody of the passport until further order of the court.

3

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion to terminate probation (R. 293) is **DENIED**.

**IT IS FURTHER ORDERED** that the U.S. Probation Office return defendant's passport. Defendant is reminded that he still must obtain permission for travel.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge